UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GUY COOPER,<br><br>    Plaintiff(s),<br><br>    v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>    Defendant(s). | Case No. 2:20-CV-2287 JCM (NJK)<br><br>ORDER |

Presently before the court is plaintiff Guy Cooper's ("Cooper") motion to remand.[1] (ECF No. 8). Defendant Government Employees Insurance Company's ("Geico") filed a response in support of removal. (ECF No. 10).

I. **BACKGROUND**

This case is about an insurer allegedly mishandling an underinsured/uninsured motorist ("UM/UIM") claim. Cooper alleges that on May 5, 2017, he was rear-ended by non-party Kristen Young while driving southbound on Simmons Street at the Gowan Road intersection. (Compl., ECF No. 1-1 at ¶ 6). Cooper suffered personal injuries. (*Id.*). As of December 29, 2020, Cooper has incurred $27,507.77 in medical bills. (ECF No. 8 at 3). Cooper had a Geico automobile insurance policy with UM/UIM coverage that was in full force and effect at the time of the accident. (*Id.* at ¶ 8). After the accident, Cooper demanded the full $50,000 policy limit and Geico "refused to make adequate payment… without a reasonable basis in fact or law." (*Id.* at ¶ 9–11).

---

[1] The court construes Cooper's opposition to Geico's notice of removal as a motion to remand.

**James C. Mahan**
**U.S. District Judge**

Cooper sued Geico in Nevada state court, alleging breach of contract, violation of Nevada's Unfair Claims Practices Act, NRS § 686A.310, contractual and tortious breaches of the covenant of good faith and fair dealing, and insurance bad faith. (ECF No. 1-1 at 5–9). Both parties have stipulated to dismiss with prejudice Cooper's extra-contractual claims. (ECF No. 12). Geico removed the case to this court (ECF No. 1) and Cooper now asks the court to remand. (ECF No. 8).

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Accordingly, there is a strong presumption against removal jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Under the removal statue, a defendant may remove any civil action over which the federal district court has original jurisdiction. 28 U.S.C. § 1441(a).

After a defendant learns that an action is removable, it has thirty days to file a notice of removal. *Id.* § 1446(b). That is, "the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other papers from which it can determine that the case is removable." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (quoting 28 U.S.C. § 1446(b)(2)).

A plaintiff can challenge removal with a motion to remand. 28 U.S.C. § 1447(c). The defendant must then prove by a preponderance of the evidence that the court has original jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, if removal is based on diversity jurisdiction, the removing defendant must show by a preponderance of the evidence that there is complete diversity and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Ambiguities are resolved in favor of remand. *Hunter*, 582 F.3d at 1042.

Diversity jurisdiction is determined by the facts as they stood when the action commenced. *Hill v. Blind Indus. & Servs. of Maryland*, 179 F.3d 754, 757 (9th Cir. 1999), *opinion amended on denial of reh'g*, 201 F.3d 1186 (9th Cir. 1999). Any events occurring after removal that reduce the amount in controversy do not oust properly conferred diversity

James C. Mahan
U.S. District Judge

- 2 -

1  jurisdiction once it has attached. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283,
2  293 (1938). The removing defendant does not have to predict the eventual award with legal
3  certainty. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004). But it "bears the
4  burden of actually proving the facts to support jurisdiction, including the jurisdictional
5  amount." *Gaus*, 980 F.2d at 567.

**III.    DISCUSSION**

The parties disagree over whether the amount in controversy exceeds $75,000. "In determining the amount in controversy, the court first looks to the complaint. Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.' " *Ibarra v. Manheim Invests., Inc*. 775 F.3d 1193, 1197 (9th Cir. 2015) (citing *St. Paul Mercury Indem.*, 303 U.S. at 289.

Here, Cooper does not plead a specific damages amount. (ECF No. 1-1). Because Nevada's rules of civil procedure allow a plaintiff to generally plead damages "in excess of $15,000" without further specification, no adverse inference is made from Cooper's complaint. Nev. R. Civ. P. 8(a)(4); *Soriano v. USAA Ins. Agency, Inc.*, No. 3:09-cv-00661-RCJ-RAM, 2010 WL 2609045, at *2 (D. Nev. June 24, 2010) ("[N]o adverse inference should be taken from a plaintiff's failure to specifically plead damages above $10,000 but below the minimum for diversity jurisdiction.").

As a result, it is not evident from the face of Cooper's complaint that the amount in controversy exceeds $75,000. However, the "amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez*, 372 F.3d at 1117. The parties can offer any "summary-judgement-type evidence," *id.*, and, as aforementioned, Geico must show by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Gaus*, 980 F.2d at 567; *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

Here, Geico says, and the court agrees, that "it is undisputed that [Cooper] has incurred over $27,000 in medical specials and demanded the $50,000 policy limits." (ECF

James C. Mahan
U.S. District Judge

- 3 -

No. 10 at 4).  Therefore, Geico must now prove by a preponderance of the evidence that an additional $25,000.01 is in controversy.  *Sanchez*, 102 F.3d at 404.

To that end, Geico points to damages amounts awarded in past insurance bad faith cases, arguing "if a plaintiff is successful on a bad faith claim the damages potential is significant."  (ECF No. 10 at 8).  Although past bad faith jury verdicts reveal the possible range of damages awards, this history does not persuasively establish damages in this factual context.  *See Auriemma v. State Farm Mut. Auto. Ins. Co.*, No. 2:15-cv-00678-APG-NJK, 2016 WL 4157312, at *4 (D. Nev. Aug. 3, 2016); *see also Soriano*, 2010 WL 2609045 at *3. ("The *mere possibility* that Plaintiff may recover punitive damages in excess of $75,000 is not enough to satisfy Defendant's burden." (emphasis added)).  The same applies to Geico's back-of-the-envelope calculation regarding potential attorney's fees that Cooper might recover.  (*See* ECF No. 10 at 6).

Next, Geico notes that Cooper seeks damages "in excess of $15,000" each for bad faith and unfair claims practices. (ECF No. 10 at 5).  These amounts, together with $50,000 on a breach of contract claim, puts the amount in controversy at $80,000.  (*Id.*).  But Nevada's rules of civil procedure allow a pleader seeking more than $15,000 in damages to perfunctorily request damages "in excess of $15,000" without further specification of the amount.  Nev. R. Civ. P. 8(a)(4).  Therefore, as aforementioned, Cooper's complaint is unpersuasive evidence of the true amount in controversy.  *See Soriano*, 2010 WL 260904 at *3.

In sum, Geico cannot satisfy its burden with conclusory allegations.  *See Singer*, 116 F.3d at 377; *see also Auriemma*, 2016 WL 4157312, at *4.  (finding the removing defendant satisfied its burden by providing a demand letter and pointing to plaintiffs' anticipation of future medical costs which were supplemented by subsequent extra-contractual claims and requests for punitive damages).  Because Geico has not satisfied its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000, this case must be remanded.

. . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

## IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Cooper's motion to remand (ECF No. 8) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the clerk shall REMAND this case back to the Eighth Judicial District Court for Clark County, Nevada, Case No. A-20-824086-C, and close this case.

DATED February 3, 2021.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**